UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
PALM AVOCET HOLDINGS LLC et al.,

                                  Plaintiffs,

    -against-

RT SIGNAL CORPORATION et al.,

                                 Defendants.
---------------------------------------------------------------- X

**ORDER DENYING MOTION TO DISMISS**

22 Civ. 4619 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs are former investors of Next Alpha, an AI-driven hedge fund managed by Defendants. They invested $21 million in the fund because of its "purportedly proprietary machine learning algorithm that made trading decisions for the fund," but soon after investing, became concerned about the fund's abilities. Compl. ¶2. They sought to have their interest redeemed and proceeds returned to them, leading the parties to sign a settlement agreement in April 2020. The agreement requires the Defendants to "liquidate the Plaintiffs' capital accounts, return 95% of their investment, and hold the remaining 5% in cash, in a specific bank account for the sole purpose of payment to the Plaintiffs, and to pay those amounts to the Plaintiffs." Compl. ¶3.

       Plaintiffs allege that they have not been paid and seek specific performance of the terms of the settlement agreement. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that this issue should be subject to arbitration, that the parties are

non-diverse, and that specific performance is inappropriate in light of an adequate remedy at law. All of Defendants' arguments are meritless; the motion is denied.

First, Defendants argue that Plaintiff alleges no subject matter jurisdiction because the parties are not diverse. This argument is without merit, as an LLP's citizenship is determined by all its members' citizenship, not the place of incorporation. *Handelsman v. Bedford Vill. Assocs. Ltd.*, 213 F.3d 48, 51–52 (2d Cir. 2000). The Complaint alleges that Plaintiffs are Florida citizens and Defendants are citizens of Delaware, New York, and the British Virgin Islands. Compl. ¶¶8–16.

Second, Defendants argue this matter is to be resolved by arbitration pursuant to the parties' settlement agreement. Plaintiffs point to the settlement agreement, which states that they are "entitled to seek injunctive relief . . . to require a Party to perform actions that a Party is affirmatively required to perform under this Agreement." Settlement Agr. ¶13(c); *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 160 (Del. 2002) ("absent a clear expression of an intent to arbitrate [] claims," parties have "the right to have the merits of those claims adjudicated by" a court).

Third, Defendants argue that specific performance, as a form of equitable relief, is inappropriate because there is an adequate remedy at law. This ground is rejected, as the parties contracted for specific performance in the settlement agreement for issues arising out of it and Plaintiffs argue they cannot quantify the harm. *See* Settlement Agr. ¶13(c). Defendants point to no precedent foreclosing this avenue at the motion to dismiss stage, permitting the claim to move forward.

Finally, the individual Defendants, Kanen Flowers, president and portfolio manager of Next Alpha, and Aryst Williams, director of strategy at Next Alpha, seek dismissal of the claims against them. However, they are listed among the parties to the agreement, and whether they can be liable for the allegations to the same extent as the corporate Defendants is an outstanding issue of fact. *See Bonnant v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 467 F. App'x 4, 12–13 (2d Cir. 2012).

The motion to dismiss is denied. The parties shall appear for a remote initial pretrial conference on April 12, 2024 at 10 a.m. to discuss further proceedings. At that conference, the entity defendants shall appear by substituted counsel; in the absence of counsel, the individual defendants shall appear *pro se*. A separate order containing the conference information will be issued. The Clerk shall terminate the open motions at ECF Nos. 29, 47, and 50.

SO ORDERED.

Dated: March 5, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3