UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
PALM AVOCET HOLDINGS LLC et al.,    :
                                    :
                                    :   **ORDER DENYING**
                                    :   **DEFENDANT'S MOTION TO**
                    Plaintiff,      :   **DISMISS**
                                    :
        -against-                   :
                                    :   22 Civ. 4619 (AKH)
                                    :
                                    :
RT SIGNAL CORPORATION et al.,       :
                                    :
                    Defendant.      :
                                    :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Defendant Kanen Flowers's motion to dismiss is denied. First, it fails to give notice to Plaintiffs' counsel. Second, it has not been filed on ECF. In order for the Court to consider any filings, they must be docketed on ECF. Parties wishing to file a motion should consult SDNY resources on how to do so, such as, but not limited to, the District Court's webpage. Third, jurisdiction has already been found. *See* ECF No. 53 (Order Denying Defendant's Motion to Dismiss). Fourth, issues of fact have been raised that cannot be decided on a motion to dismiss.

       SO ORDERED.

Dated:    May 1, 2024                        /s/ Alvin K. Hellerstein
         New York, New York             ALVIN K. HELLERSTEIN
                                                   United States District Judge

| | |
|---|---|
| From: | kanendosei |
| To: | Hellerstein NYSD Chambers |
| Subject: | Request for Cancellation of Upcoming Pretrial Conference and Submission of Motion to Dismiss |
| Date: | Monday, April 29, 2024 3:20:24 PM |
| Attachments: | 20240429_Flowers_22-CV-04619-AKH.pdf |
| | Termination of Legal Representation Letter_Palm Avocet, et. al. vs. Kanen Flowers_Aryst Flowers, et. al..pdf |
| | Settlement_Agreement_Wetherell.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Hellerstein,

I hope this message finds you in good health. I am writing to respectfully request the cancellation of the scheduled initial pretrial conference on May 3, 2024, at 10 a.m. In lieu of the conference, I am submitting my motion to dismiss the complaint filed by Palm Avocet Holdings, LLC, and the David Wetherell parties.

I must bring to your attention that the Wetherell parties have, regrettably, disseminated the phone number and details of the court dealings to several of my business associates. This breach of confidentiality threatens to seriously impair my current and potential future business relationships. Holding this preliminary dial-in conference could further expose sensitive information, thus compounding the potential damage.

Attached to this email, you will find my motion for dismissal along with all pertinent supporting documents. As I am representing myself pro se in these proceedings, I will be the sole counsel appearing on record for the defense. Please find my contact information below for any further communications:

Name: Kanen Flowers
Email: kanendosei@gmail.com
Phone: 415-935-4830

Given these circumstances, I believe that the motion addresses the core issues of the case comprehensively and suggests that scheduling a pretrial conference may not only be unnecessary but could potentially exacerbate the current issues regarding confidentiality and professional harm. I trust the Court will find the arguments presented sufficient for consideration without the need for further oral argument at this stage.

Thank you very much for considering my request. I look forward to your decision.

Warm regards,

Kanen Flowers
Pro Se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Kanen Flowers

[redacted]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALM AVOCET HOLDINGS, LLC, DAVID WETHERELL, AND ELIZABETH WETHERELL,<br><br>Plaintiff,<br><br>vs.<br><br>NEXT ALPHA CAPITAL MANAGEMENT, LP (A/K/A REAL GENUS, LLC), NEXT ALPHA US FUND, LLC, KATSU FUND LTD, JOHN FLOWERS (A/K/A KANEN FLOWERS), AND ARYST WILLIAMS<br><br>Defendant | Case No.: 22-CV-04619-AKH<br><br>MOTION TO DISMISS / FLOWERS / CASE NO. 22-CV-04619-AKH |

**DEFENDANT KANEN FLOWERS' MOTION TO DISMISS**

Kanen Flowers, appearing pro se, respectfully requests that this Court dismiss the complaint lodged by Palm Avocet Holdings, LLC, and the David Wetherell parties. Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the Defendant argues for dismissal on the grounds detailed herein. It is crucial to recognize that this litigation marks Mr. Flowers' first and only foray into legal disputes, in stark contrast to the Plaintiff's extensive history of both initiating and defending numerous lawsuits, indicating a pattern of engaging in litigious actions. This suit appears to be yet another frivolous claim, adding unnecessarily to the Court's workload. Additionally, Mr. Flowers faces severe financial distress due to the payout to David Wetherell, substantial legal fees incurred from representation by Kevin A. Landau and the Landau Group, and the broader economic impact from the collapse of major financial entities like FTX, Alameda, BlockFi, and Genesis. These adverse circumstances have compelled him to file for bankruptcy and appear in these proceedings without legal representation. Therefore, the Defendant urges the Court to acknowledge the frivolous nature of this claim and dismiss the complaint accordingly.

MOTION TO DISMISS / FLOWERS / CASE NO. 22-CV-04619-AKH - 1

## I. INTRODUCTION

1. This response contests the allegations made by Plaintiff, Palm Avocent Holdings, LLC and then David Wetherell parties, which assert that Defendant, Kanen Flowers, improperly retained a holdback amount from a settlement agreement. It is crucial to highlight that all parties involved, including the Plaintiff and the Defendant, executed a Mutual Release, Settlement Agreement, and Hold Harmless Agreement that conclusively settled all accounts and released the parties from further claims.

   *See "EXHIBIT 1" from Plaintiff's own declaration.*

2. Under the terms of the detailed and comprehensive Confidential Settlement Agreement signed on April 15, 2020, between the Wetherell Parties and the Next Alpha Parties, it is evident that Kanen Flowers and Next Alpha, along with related entities, cannot possibly owe any money to David Wetherell and related entities. This conclusion is derived from several critical components of the agreement, specifically the clauses pertaining to mutual releases, redemption of interests, and the final settlement of accounts.

3. Firstly, the agreement explicitly provides for the redemption of various equity interests and the termination of ongoing obligations. Notably, all of Palm Avocet's interests in RT Signal and Next Alpha Capital Management, LP were redeemed for specified sums, paid in immediately available funds, effectively severing Palm Avocet's equity ties and membership status within these entities. Upon the execution of these redemptions, all rights or claims tied to the previously held interests were conclusively settled, as outlined in sections detailing the redemption processes for both Series A Preferred Stock and membership units.

4. Secondly, the mutual release clauses (section 12 of the agreement) are particularly definitive. These releases are broad and encompassing, whereby each party, on behalf of themselves and their affiliates, fully and forever discharges the opposing parties from any and all liabilities, claims, demands, or causes of action of every kind, whether known or unknown. This comprehensive release covers any claims that could arise from any transactions or interactions prior to the agreement, including those specified in the extensive recitals of the agreement which discuss prior engagements and contributions between the parties.

5. Furthermore, the agreement includes specific non-disparagement clauses and a detailed outline of the procedures for any potential grievances post-agreement, which are limited strictly to issues regarding the execution of the agreement itself rather than any past dealings. The fact that both parties agreed to handle any disputes through arbitration, with a clear waiver of the right to seek punitive damages, underscores the finality and comprehensiveness of the settlement.

6. Given these terms, particularly the unequivocal mutual releases and the specific settlement of accounts, there is no legal basis for any further financial claims between David Wetherell and related entities against Kanen Flowers, Next Alpha, and related entities. The agreement was meticulously structured to ensure all previous interactions were settled fully, leaving no room for outstanding liabilities or obligations beyond the strictures of the settlement itself.

7. In addition to the claims already addressed, it is pertinent to highlight that David Wetherell has engaged in behavior aimed at destabilizing the financial foundation of the company, with the apparent intent of acquiring its technology. This tactic, which he has employed on multiple occasions in the past, manifests a clear pattern of attempting to manipulate corporate outcomes to his advantage. Furthermore, Mr. Wetherell introduced a convicted felon of financial fraud into the company's operations. This irresponsible action necessitated his removal from any position of responsibility within the company to safeguard its integrity and operational stability. This pattern of behavior underscores the frivolous nature of his claims and further justifies the dismissal of his complaint.

## II. FACTUAL BACKGROUND

1. Kanen Flowers served as the CEO of Next Alpha, Inc., from November 1, 2019, until his dismissal on April 26, 2023. This termination was executed by Kevin A. Landau, an attorney who represented all related entities, signaling a significant shift in leadership and operational control.

2. Following this termination, Kevin A. Landau, along with Chris John, took over the management of the company. This transition stripped Kanen Flowers of any responsibility

and the ability to influence or access any funds, documentation, or other assets associated with the entities.

3. On the date of his dismissal, Kevin A Landau communicated to Kanen Flowers: *"As such, and from the direction of Mr. John and in the best interests of Next Alpha and its members, you are hereby relieved of all further matters as CEO. Since you are no longer CEO or occupy any other position with Next Alpha, this shall be the final attorney-client communication as it relates to you in every regard. Please be advised that you are welcome to seek independent counsel, and this communication will remain confidential, unless otherwise required by Court Order. Notwithstanding, Next Alpha shall retain all rights to prosecuting claims and will notify its members accordingly as to your disposition."*

4. Prior to these events, a comprehensive Mutual Release, Settlement Agreement, and Hold Harmless Agreement were signed by all parties involved, including the Plaintiff and the Defendants. Under these agreements, the Plaintiff was fully compensated, receiving more than $20,000,000 through a structured redemption process and an additional $400,000 as a settlement payment.

5. Despite these clear and conclusive agreements, the Plaintiff now claims entitlement to additional funds allegedly withheld in error. Such claims are unequivocally barred by the explicit terms of the previously executed agreements and by the fact that Kanen Flowers had been completely divested of any operational control or access to the resources of the company at the time these claims could have arisen.

### III. LEGAL STANDARD

1. A motion to dismiss under FRCP 12(b)(6) tests the sufficiency of the complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

### IV. ARGUMENT

1. **Release of Claims**: The signed agreements among all parties, including the Plaintiff, explicitly release Kanen Flowers, Next Alpha, Inc., and all associated entities from any further claims related to the Plaintiff's investment, his departure from Next Alpha, Inc., and all related matters. These agreements serve as a comprehensive discharge, precluding any subsequent claims linked to the outlined transactions and agreements.

2. **Jurisdictional Challenges**: The complaint fails to establish the requisite residency or citizenship details for Palm Avocet, LLC, necessary for asserting federal jurisdiction. In our motion to dismiss, it is highlighted that Palm Avocet, LLC is organized in Delaware, similar to all entities involved in this case. As the burden of proving federal jurisdiction lies with the party asserting it, in this case, Palm Avocet, LLC, their failure to provide such essential information undermines the jurisdictional basis of their claim.

3. **Indemnification Provisions**: The LLC Agreement contains robust indemnification provisions, specifically Section 4.6, which underscores the intent that parties, including the Manager, are not to be held personally liable for acts performed in their managerial capacity, except in cases of gross negligence, recklessness, or willful misconduct. This clause further supports the defense that any actions taken were within the scope of managerial duties and insulated from personal liability.

4. **Lack of Control and Authority**: At the time the disputed claims arose, financial oversight at Next Alpha, Inc., and its associated entities was under the exclusive control of Craig Peretz, appointed by David Wetherell. Kanen Flowers had already been stripped of any authoritative or operational capacity, and all financial matters were being managed by SS&C, a recognized fund administrator, under the direct supervision of Peretz and Wetherell. This complete removal of Flowers from any financial or operational roles renders any allegations of his involvement in financial discrepancies entirely unfounded.

5. **Post-Termination Access and Control**: Subsequent to his termination, Kanen Flowers was denied access to any documentation or assets related to RT Signal Corporation, Next Alpha Capital Management, and all related entities. Control over these entities was fully transferred

to Kevin A. Landau of the Landau Group and Chris John, marking a total cessation of any access or influence for Flowers over the company's affairs, including all forms of documentation and communication.

6. **No Basis for Additional Claims**: The Mutual Release, executed with full and binding effect, resolved all disputes among the parties. The Plaintiff's complaint lacks any allegations that could potentially invalidate or render these agreements non-binding, affirming their enforceability and the finality of the resolutions agreed upon therein.

7. **Bar on Plaintiff's Claims**: The executed agreements, specifically the inclusion of a Hold Harmless clause, legally prohibit the Plaintiff from pursuing additional compensation or asserting any claims against the Defendant concerning the resolved matters. This legal barrier further invalidates the current claims, affirming their dismissal under the terms agreed upon by all parties.

## V. CONCLUSION

For the foregoing reasons, Defendant Kanen Flowers respectfully requests that the Court grant this motion to dismiss the Complaint in its entirety, with prejudice.

## VI. CERTIFICATE OF SERVICE

I hereby certify that on this day I have e-mailed by the document to all parties or their counsel of record in this action.

Dated the 29th day of April 2024.

Kanen Flowers, pro se