UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALM AVOCET HOLDINGS, LLC, DAVID
WETHERELL, AND ELIZABETH
WETHERELL,

    Plaintiff,

vs.

NEXT ALPHA CAPITAL MANAGEMENT,
LP (A/K/A REAL GENUS, LLC), NEXT
ALPHA US FUND, LLC, KATSU FUND
LTD, KANEN FLOWERS, AND ARYST
WILLIAMS

    Defendant

Case No.: 22-CV-04619-AKH

NOTICE OF MOTION

NOTICE OF MOTION

TO: HONORABLE ALVIN K. HELLERSTEIN
TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendant Kanen Flowers, appearing pro se, respectfully moves this Court, pursuant to its inherent authority to manage its docket and Second Circuit precedent, for an order staying all proceedings in this matter until the resolution of the parallel criminal case, United States v. Flowers (Case No. 1:24-cr-00458), or until Defendant secures qualified civil counsel. The grounds for this motion are set forth in the accompanying Memorandum of Law. Defendant requests an expedited ruling before the conference scheduled for April 25, 2025, to prevent prejudice and avoid a default judgment.

DATED this 20th day of April, 2025.

                            Respectfully submitted,
                            Defendant, Pro Se
                            Kanen Flowers

---

*Handwritten annotation by the Court:*

Denied. The attention a def't gives to a criminal case is not an excuse for not discharging his obligations as a civil def't. Def't here has failed to show prejudice sufficient to justify a stay.

4-29-25
/s/ A.K. Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALM AVOCET HOLDINGS, LLC, DAVID WETHERELL, AND ELIZABETH WETHERELL, | Case No.: 22-CV-04619-AKH |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KANEN FLOWERS' MOTION TO STAY PROCEEDINGS |
| vs. | |
| NEXT ALPHA CAPITAL MANAGEMENT, LP (A/K/A REAL GENUS, LLC), NEXT ALPHA US FUND, LLC, KATSU FUND LTD, KANEN FLOWERS, AND ARYST WILLIAMS | |
| Defendant | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KANEN FLOWERS' MOTION TO STAY PROCEEDINGS

Defendant Kanen Flowers, appearing pro se, respectfully moves this Court to stay all proceedings in this civil action due to a parallel criminal case, United States v. Flowers (Case No. 1:24-cr-00458), which creates conflicting demands, imperils his Fifth Amendment rights, and prevents him from securing civil counsel. This motion is supported by the Court's inherent authority to manage its docket (Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)) and Second Circuit precedent (Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 98-99 (2d Cir. 2012)).

### I. Introduction

Defendant faces a criminal indictment in United States v. Flowers, which demands his full attention and resources, rendering him unable to participate effectively in this civil case. Testifying or producing evidence here risks self-incrimination, and the urgency of the criminal matter has prevented him from retaining civil counsel. A stay is necessary to protect Defendant's constitutional rights and ensure a fair defense, without undue prejudice to Plaintiffs. Defendant requests an expedited ruling before the April 25, 2025, conference to avoid a default judgment.

### II. Factual Background

Criminal Proceedings: Defendant is currently defending a complex criminal case, United States v. Flowers (Case No. 1:24-cr-00458), in EDNY. The case involves serious financial allegations and the criminal matter requires Defendant's uninterrupted focus and resources.

Conflict with Civil Case: This civil action, involving allegations related to financial transactions, overlaps with the criminal case in subject matter, creating a risk that participation here could prejudice Defendant's criminal defense. For example, discovery responses or testimony in this case could be used against him in the criminal matter.

Inability to Retain Counsel: The urgency of the criminal case has prevented Defendant from securing alternative counsel for this civil matter. Despite contacting numerous attorneys, none could assume representation due to the case's complexity and Defendant's ongoing criminal obligations.

Prior Continuance: Defendant previously obtained a continuance in a related civil matter, Case No. 1:24-cv-00283ALC (Order dated March 15, 2025), due to similar conflicts, underscoring the need for a stay here.

### III. Legal Standard

This Court has inherent authority to stay proceedings to promote "economy of time and effort for itself, for counsel, and for litigants" (Landis, 299 U.S. at 254). In the Second Circuit, courts consider six factors when deciding whether to stay a civil case due to a parallel criminal proceeding: (1) overlap between the civil and criminal cases; (2) status of the criminal case; (3) prejudice to the plaintiff; (4) burden on the defendant; (5) interests of the court; and (6) public interest (Louis Vuitton, 676 F.3d at 99).

*A stay is warranted when participation in the civil case would imperil a defendant's Fifth Amendment rights (SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980)).*

### IV. Argument

A. Overlap Between Civil and Criminal Cases Necessitates a Stay

The civil and criminal cases involve overlapping issues, as both concern [e.g., financial transactions or entities named in the complaint]. Participating in discovery or testifying here risks producing evidence that could be used in the criminal case, violating Defendant's Fifth Amendment privilege against self-incrimination (Keating v. OTS, 45 F.3d 322, 326 (9th Cir. 1995), cited persuasively in Louis Vuitton, 676 F.3d at 97).

### B. The Criminal Case's Status Justifies a Stay

The criminal case is active, with ongoing proceedings that demand Defendant's full attention. Unlike a concluded criminal matter, the pending indictment creates immediate conflicts, making a stay appropriate (Louis Vuitton, 676 F.3d at 100).

### C. Defendant Faces Significant Burdens Without a Stay

Without a stay, Defendant faces severe prejudice:
- Fifth Amendment Risks: Testifying or producing documents in this case could force Defendant to choose between waiving his privilege against self-incrimination or risking adverse inferences in the civil case (Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)).
- Lack of Counsel: The same attorney representing Defendant in the criminal case cannot advise him here due to conflicts of interest, and Defendant has been unable to retain civil counsel due to the criminal case's urgency.
- Resource Constraints: The criminal case's complexity leaves Defendant unable to devote time or resources to this matter, risking a default judgment.

### D. Prejudice to Plaintiffs Is Minimal

While a stay may delay Plaintiffs' case, this inconvenience is outweighed by the need to protect Defendant's constitutional rights. Plaintiffs can resume proceedings once the criminal case is resolved, and a stay avoids the inefficiency of litigating while Defendant is constrained (Louis Vuitton, 676 F.3d at 99).

### E. A Stay Serves the Court's and Public's Interests

A stay promotes judicial efficiency by avoiding duplicative or compromised proceedings. The public interest favors protecting constitutional rights and ensuring fair litigation, which a stay accomplishes without undermining the case's merits.

## V. Conclusion

Defendant respectfully requests that the Court stay all proceedings until the criminal case (Case No. 1:24-cr-00458) is resolved or Defendant secures qualified civil counsel. This stay is necessary to protect Defendant's Fifth Amendment rights, ensure a fair defense, and avoid undue prejudice.

An expedited ruling is requested before April 25, 2025, to prevent a default judgment. Defendant is committed to resolving this matter promptly once the criminal case allows.

DATED this 20th day of April, 2025.

Respectfully submitted,
Defendant, Pro Se
Kanen Flowers