UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALM AVOCET HOLDINGS, LLC, DAVID WETHERELL, AND ELIZABETH WETHERELL,<br><br>      Plaintiff,<br>vs.<br>NEXT ALPHA CAPITAL MANAGEMENT, LP (A/K/A REAL GENUS, LLC), NEXT ALPHA US FUND, LLC, KATSU FUND LTD, KANEN FLOWERS, AND ARYST WILLIAMS<br><br>      Defendant | Case No.: 22-CV-04619-AKH<br><br>DEFENDANT'S RESPONSE TO COURT'S DENIAL OF STAY AND REQUEST FOR EXTENSION<br><br>Having received this submission from Defendant Flowers, and upon the consent of Plaintiff given at the status conference held on May 2, 2025, this case is stayed until November 21, 2025 or until further order of the Court. The parties shall next appear at a virtual conference on November 21, 2025 at 10:00 a.m. SO ORDERED. 5.2.25 /s/ Alvin K. Hellerstein |

DEFENDANT KANEN FLOWERS' RESPONSE TO COURT'S DENIAL OF STAY AND REQUEST FOR EXTENSION TO SECURE COUNSEL

      I, Kanen Flowers, respectfully submit this response to the Court's April 29, 2025 Order denying my motion to stay proceedings and to request additional time to secure legal representation.

**PRELIMINARY STATEMENT**

      The Court is aware that I am currently under federal criminal indictment in the Eastern District of New York (United States v. Flowers, Case No. 1:24-cr-00458). That criminal case involves allegations that substantially overlap with the subject matter of this civil action.

      While I understand the Court's position that a criminal case "is not an excuse for not discharging [my] obligations as a civil defendant," a temporary delay would not prejudice the plaintiffs' claims. Indeed, the plaintiffs themselves have acknowledged this by agreeing to my previous request for a stay.

      Proceeding simultaneously with this civil case creates serious due process conflicts where factual matters overlap with my criminal case. I cannot meaningfully participate in these proceedings without potentially waiving my Fifth Amendment rights against self-incrimination.

I have diligently sought legal representation since my previous counsel withdrew. Despite contacting dozens of law firms (documentation available upon request), I have been unable to secure counsel willing to represent me in this civil matter while I am under criminal indictment.

*This situation presents a fundamental constitutional dilemma that implicates my Fifth Amendment right against self-incrimination and my Sixth Amendment right to effective counsel. While I recognize the Court's interest in judicial efficiency, these constitutional protections must be preserved for justice to be properly served.*

**SPECIFIC CONSTRAINTS**

I respectfully bring to the Court's attention several specific constraints:

1. Fifth Amendment Concerns: Any testimony or discovery I provide in this civil case would be available to prosecutors in my criminal proceedings. This creates an untenable situation where defending myself in this civil action would require me to waive my constitutional right against self-incrimination.
2. Complexity Requiring Counsel: This matter involves complex financial transactions and fund operations requiring specialized legal expertise. Pro se representation is particularly inadequate given the technical complexities of financial operations, securities regulations, and investment fund structures.
3. Resource Limitations: The government has seized my assets, electronic devices, and documents in connection with the criminal case. This seizure has severely limited my access to resources needed to prepare an adequate civil defense, including critical documents that remain in government possession.
4. Binding Settlement Agreement: A fully executed settlement agreement exists between Palm Avocet Holdings and myself, for which compensation was paid. This agreement has direct bearing on these proceedings but cannot be properly presented without legal counsel.
5. Inconsistent Judicial Treatment: In a related civil matter (Case No. 1:24-cv-00283-ALC), Judge Andrew L. Carter, Jr. granted a stay of proceedings on March 15, 2025, based on identical concerns regarding the same criminal indictment. This creates an inconsistent application of legal principles within this District to substantially similar circumstances.

**RELIEF REQUESTED**

In light of these circumstances, I respectfully request:

1. Reconsideration of my motion for a stay in light of:
    1.1. The inconsistent judicial treatment within this District regarding substantially similar circumstances;
    1.2. The constitutional rights implicated; and
    1.3. The plaintiffs' previously expressed willingness to agree to such a stay.
2. Alternatively, an extension of 90 days to secure legal representation before any further substantive proceedings in this case;
3. Consideration of the existing settlement agreement between the parties, which may obviate the need for further proceedings;
4. If the Court is unwilling to grant a stay or extension, a formal protective order ensuring that any testimony or evidence presented in this civil case is withheld from consideration, discovery, or evaluation by prosecutors in the criminal case; and
5. Clear judicial guidance on how to proceed without waiving my Fifth Amendment rights or prejudicing my defense in the criminal case.

I am not attempting to delay these proceedings but am caught in a genuine constitutional dilemma that requires additional time to resolve through securing appropriate counsel. I am available to discuss these matters with the Court if that would be helpful, though I respectfully note that any such discussion would need to be structured to avoid Fifth Amendment concerns.

**CONCLUSION**

I recognize that a delay of proceedings does not discharge my obligations as a defendant. However, fundamental constitutional protections and judicial consistency must be prioritized. The inconsistent treatment of substantially similar stay requests within this District creates an inequitable situation where my constitutional rights are compromised simply based on which judge was assigned to my case.

For these reasons, I respectfully request that the Court grant a stay of proceedings until the resolution of my criminal case, or in the alternative, provide a 90-day extension to secure qualified counsel. If neither remedy is possible, I ask for clear guidance on proceeding without jeopardizing my constitutional rights.

DATED this 1st day of May, 2025.
Respectfully submitted,
Defendant, Pro Se
Kanen Flowers